IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NSC WHOLESALE HOLDINGS LLC, *et al.*,[1] | ) Case No. 18-12394 (KJC) |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) **Re: Docket No. 7** |

**INTERIM ORDER (I) AUTHORIZING, BUT NOT DIRECTING, DEBTORS TO (A) PAY AND HONOR PREPETITION WAGES, SALARIES, OTHER COMPENSATION, REIMBURSABLE BUSINESS EXPENSES, AND EMPLOYEE BENEFIT OBLIGATIONS, AND (B) MAINTAIN AND CONTINUE CERTAIN COMPENSATION AND BENEFIT PROGRAMS POSTPETITION; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of interim and final orders, pursuant to sections 105(a), 363(b), 507(a)(4), 507(a)(5), 541, 1107(a), and 1108 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing, but not directing, the Debtors, in accordance with their past and current policies and practices, to: (a) pay unpaid prepetition wages, salaries, and accrued compensation including incentive compensation, health and welfare benefit obligations, and reimbursable business expenses, as applicable to the Workforce, and all costs related thereto

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: NSC Wholesale Holdings LLC (6210); National Wholesale Liquidators of Lodi, Inc. (4301); NSC Realty Holdings LLC (4779); NSC of West Hempstead, LLC (5582); Top Key LLC (7503); BP Liquor LLC (2059); and Teara LLC (8660). The Debtors' mailing address is 111 Hempstead Turnpike, West Hempstead, NY 11552.

[2] Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

(collectively, the "**Workforce Obligations**"); (b) maintain and continue to honor the Workforce Obligations as they were in effect as of the Petition Date and as such may be modified, amended or supplemented from time to time in the ordinary course. In addition, the Debtors request that the Court authorize and direct banks and other financial institutions (collectively, the "**Banks**") to honor and process checks and electronic transfer requests related to all of the foregoing, as more fully set forth in the Motion; and upon the First Day Declaration; and upon the record of the hearing on this Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the circumstances; and this Court having found that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted on an interim basis as set forth herein.

2. Pursuant to sections 105(a), 363(b), 507(a)(4), 507(a)(5), 541, 1107(a), and 1108 of the Bankruptcy Code and Bankruptcy Rule 6003, the Debtors are authorized, but not directed, to: (a) pay and/or honor, in their sole discretion, the prepetition Workforce Obligations up to the following amounts:

- Wages & Salaries - $160,000
- Incentive Compensation - $4,000
- Reimbursable Business Expenses - $5,000
- Benefit Programs - $95,000

provided, however, that no member of the Workforce shall be paid on account of any prepetition Workforce Obligation over the statutory cap of $12,850, absent further order of the Court, and (b) maintain and continue to honor the Workforce Obligations in the ordinary course of business on a postpetition basis.

3. The Debtors are authorized to pay processing, administrative, and other costs relating to the Workforce Obligations.

4. The Debtors are authorized to continue honoring accrued vacation by permitting employees to take their regularly scheduled vacations. To the extent employees are laid off or otherwise terminated after the Petition Date, the Debtors are authorized, but not directed, to pay such employees the cash value of such employee's accrued vacation at the time of termination.

5. The Debtors and any applicable third parties are authorized to continue to allocate and distribute the Employee Withholdings to the appropriate taxing authorities or third-party recipients in accordance with the Debtors' stated policies and prepetition practices.

6. The Banks are authorized, when requested by the Debtors, to receive, process, honor, and pay any and all checks drawn on, or electronic transfer requests from, the Debtors' accounts to pay prepetition obligations authorized to be paid hereunder, whether such requests were presented or submitted prior to or after the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Debtors are further authorized to reimburse, at their sole discretion, any member of the Workforce for any fees or expenses incurred in connection with any rejected checks as a result of the Debtors' bankruptcy filing.

7. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be

honored pursuant to this Order, and any such Bank shall not have any liability to any party for relying on such representations.

8. The Debtors are authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a result of the filing of the Chapter 11 cases with respect to prepetition Workforce Obligations authorized to be paid hereunder.

9. All transfers made pursuant to this Order shall be subject to the terms and conditions of any order authorizing the use of cash collateral or postpetition financing entered in the Chapter 11 Cases.

10. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission regarding the validity or amount of any claim against the Debtors; (b) a waiver of the Debtors' rights to subsequently dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (e) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (f) to grant third-party beneficiary status or bestow any additional rights on any third-party; or (g) be otherwise enforceable by any third-party.

11. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any member of the Workforce, or any other person or entity.

12. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

13. The requirements of Bankruptcy Rule 6004(a) are waived.

24897803.10 10/26/2018

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all steps necessary or appropriate to carry out the terms of this Order.

16. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

17. A final hearing to consider the relief requested in the Motion shall be held on November 14, 2018 at 10:00 a.m. (Prevailing Eastern Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to on November 9, 2018 at 4:00 p.m. (Prevailing Eastern Time).

18. Nothing in this Order authorizes or approves any payment subject to Section 503(c) of the Bankruptcy Code.

19. Nothing in this Order authorizes the Debtors to cash out unpaid vacation/leave time upon termination of an employee, unless applicable state law requires such payment.

Dated: __Oct 26__, 2018
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE